1
PATRICIA BARBOSA, Esq. (SBN 125865)
JORDON METZ, Esq. (SBN 167355)

2
**BARBOSA, METZ & HARRISON, LLP**
17547 Ventura Blvd., Suite 310

3
Encino, CA 91316
Tel: (818) 386-1200

4
Fax: (818) 386-1212
PBarbosa@BMHLegal.com

5
JMetz@BMHLegal.com

6

7
Attorneys for Plaintiff, CONNIE ARNOLD

8
KATHLEEN E. FINNERTY (SBN 157638)
**FINNERTY LAW OFFICES**

9
1520 Eureka Road, Suite 101
Roseville, CA  95661

10
Tel: (916) 781-3466
KFinn@KFinnertyLaw.com

11

12
Attorneys for Defendant, W2005/FARGO HOTELS (POOL C) REALTY, L.P.

13
**UNITED STATES DISTRICT COURT**

14
**EASTERN DISTRICT OF CALIFORNIA**

15

16
CONNIE ARNOLD,

17
                    Plaintiff,

18
vs.

19
MARRIOTT INTERNATIONAL, INC. dba

20
FAIRFIELD INN MARRIOTT –
VISALIA; W2005/FARGO HOTELS

21
(POOL C) REALTY, L.P. and DOES 1
through 35, Inclusive,

22

23
                    Defendant.

24

) Case No: 1:09-CV-01644-AWI-SMS
)
) Assigned to Honorable Anthony W. Ishii,
) District Judge presiding
)
)
) **CONSENT DECREE AND ORDER**
) **FOR SETTLEMENT OF ALL OF**
) **PLAINTIFF'S CLAIMS FOR**
) **INJUNCTIVE AND MONETARY**
) **RELIEF**
)
) Trial Date:    June 28, 2011
)
)

25

26

27

28

1

<u>CONSENT DECREE AND ORDER</u>

2

　　　1.　　　Plaintiff CONNIE ARNOLD ("Plaintiff") filed a Complaint in this action on

3

June 3, 2009 ("Complaint") to enforce provisions of the Americans with Disabilities Act of

4

1990 ("ADA"), 42 U.S.C. §§ 12101 *et seq*., and California Civil Code §§51, 54; and 54.1,

5

and Health & Safety Code §§ 19955 *et seq*., and the regulations promulgated thereunder,

6

against Defendant W2005/FARGO HOTELS (POOL C) REALTY, L.P. ("Defendant") and

7

Marriott International, Inc.

8

　　　2.　　　Defendant Marriott International, Inc. was dismissed on July 29, 2009.

9

　　　3.　　　Plaintiff has alleged that Defendant violated Title III of the ADA and

10

California civil rights laws and statutes by failing to provide full and equal access to its

11

facilities, goods, services and accommodations at the FAIRFIELD INN MARRIOTT-

12

VISALIA (the "Hotel"), a 63-room hotel located at 140 South Akers Street, Visalia.

13

　　　4.　　　Defendant will be dismissed with prejudice within 21 days of the Court's

14

approval of this Agreement, subject to the Court's continuing jurisdiction to enforce this

15

Consent Decree ("Consent").

16

　　　5.　　　During the Litigation, the parties retained experts in the fields of California

17

access codes and regulations and ADA compliance and operations.  One or more

18

comprehensive site inspections were conducted, from which a comprehensive analysis of

19

accessibility issues at the Hotel was prepared.  After extensive review and analysis, coupled

20

with debate and negotiations regarding each of  the facilities, services, programs and

21

accommodations at the Hotel, Defendant and Plaintiff achieved a detailed agreement

22

through which all of Plaintiff's claims for injunctive relief against Defendant were resolved,

23

and the parties agreed that the terms of this Consent  satisfy and resolve all of Plaintiff's

24

claims for injunctive relief and works, to the maximum extent feasible, to comply with the

25

ADA and state disability laws.

26

27

28

6.     Defendant denies all of the allegations in the Plaintiff's Complaint, and by entering into this Consent and Order, Defendant does not admit liability to any of the allegations in Plaintiff's Complaint.  Plaintiff and Defendant enter into this Consent for the purpose of entering into an early settlement of Plaintiff's claims for injunctive relief without the need for protracted litigation, and without the admission of any liability.

JURISDICTION:

7.     Plaintiff and Defendant hereby agree that the Court has jurisdiction of Plaintiff's Complaint pursuant to 28 USC §1331 for alleged violations of the Americans with Disabilities Act of 1990, 42 USC 12101, *et seq*. and for supplemental jurisdiction for California civil rights laws and regulations.

8.     In order to avoid the costs, expense, and uncertainty of protracted litigation, the parties to this Consent agree to entry of this Order without trial to resolve all of Plaintiff's claims regarding injunctive relief against Defendant at Hotel.

9.     This Court shall retain jurisdiction to modify and enforce terms and conditions of this Consent, and to resolve disputes arising hereunder as may be appropriate or necessary for the construction and execution of this Consent thereon.

WHEREFORE, the Parties to this Consent hereby agree and stipulate to the Court's entry of this Consent, as follows.

SETTLEMENT OF PLAINTIFF'S CLAIMS FOR INJUNCTIVE RELIEF:

10.     Attached as **Attachment A** are all of the terms of the settlement for injunctive relief as agreed to between Plaintiff and Defendant.  Said Attachment is hereby referenced as if fully set forth herein as the full and complete agreement between the Parties for settlement of all of Plaintiff's claims for injunctive relief as to Defendant.

ENTIRE CONSENT ORDER:

11.     This Consent constitutes the entire agreement between the signing parties on

the matter of Plaintiff's claims for injunctive relief against Defendant, and no other statement, promise, or agreement, either written or oral, made by any of the parties or agents of any of the parties, that is not contained in this written Consent, shall be enforceable regarding the matters described herein.  The Parties have also resolved all of Plaintiff's claims for compensatory, statutory and personal injury damages, as well as Plaintiff's claims for attorneys' fees, costs and litigation expenses by way of a separate agreement maintained in confidence between the parties (the "Confidential Agreement").  The Court shall retain jurisdiction to enforce the Confidential Agreement.

CONSENT ORDER BINDING ON PARTIES AND SUCCESSORS IN INTEREST:

        12.     This Consent shall be binding on Plaintiff and Defendant and any subsequent owners of the Hotel.  Defendant shall notify all such respective successor owners of the existence and terms of this Consent during the period of the Court's jurisdiction of this Consent.  In the event Defendant transfers ownership of the Hotel to a third party, and the successor owner, whether by operation of law or otherwise, becomes obligated to perform all the obligations under this Consent, then, with Plaintiff's written consent (which shall not unreasonably be withheld), Defendant shall be released from all obligations and liabilities hereunder, as if it were never a party hereto except with respect to obligations of confidentiality contained in the parties' Confidential Agreement.

        13.     The parties also intend by this Consent that its terms reflect the full and complete litigation of the accessibility issues alleged by Plaintiff, and intend that this Consent, Order and Judgment thereon be deemed an adjudication on the merits without trial, and as such shall, to the maximum extent allowed by law, be fully binding and effective to preclude future litigation on each of the claims and issues alleged, or which could have been alleged, in the course of this litigation under the principles of res judicata and, as applicable, collateral estoppel and, where applicable, judicial estoppel, with respect to Title III of the

ADA, California state disability law claims, and the promulgated rules and regulations concerning access for persons with mobility, dexterity and strength disabilities at the Hotel. As to each and every alleged barrier, the parties have negotiated in good faith to achieve compliance with requirements for construction and modifications required under the ADA, except where the parties believed it was not feasible to do so, in which instances the parties have negotiated reasonable accommodations or alternative facilitation to implement readily achievable barrier removal.

MUTUAL RELEASE AND WAIVER OF CIVIL CODE SECTION 1542 AS TO PLAINTIFF'S CLAIMS FOR INJUNCTIVE RELIEF:

14.     Each of the Parties to this Consent understand and agree that there is a risk and possibility that, subsequent to the execution of this Consent, any or all of them will incur, suffer, or experience some further loss or damage with respect to the Lawsuits which are unknown or unanticipated at the time this Consent is signed.  Except for all obligations required in this Consent, the Parties intend that this Consent apply to all conditions, policies, and practices that existed at or involving the Hotel and all such further loss with respect to the Lawsuit, except those caused by the Parties subsequent to the execution of this Consent. Therefore, except for the obligations required in this Consent, this Consent shall apply to and cover any and all claims, demands, actions and causes of action by the Parties to this Consent with respect to the injunctive relief claims of the Lawsuits, whether the same are known, unknown or hereafter discovered or ascertained, asserted or unasserted, and the provisions of Section 1542 of the California Civil Code are hereby expressly waived. Section 1542 provides as follows:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF

1    KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS

2    OR HER SETTLEMENT WITH THE DEBTOR.

3    15.    Except for all obligations required in this Consent, each of the Parties to this

4  Consent, on behalf of each, their respective agents, representatives, predecessors,

5  successors, heirs, partners and assigns, releases and forever discharges each other Party and

6  all officers, employees, agents, attorneys, insurance carriers, heirs, predecessors, and

7  representatives of each other Party, from all claims, demands, actions, and causes of action

8  of whatever kind or nature, presently known or unknown, arising out of or in any way

9  connected with the Lawsuits.

10 TERM OF THE CONSENT:

11 16.    This Consent shall be in full force and effect as described in **Attachment A.**

12 The Court shall retain jurisdiction of the Lawsuit for the sole purpose of interpreting and

13 enforcing provisions of this Order and the Confidential Agreement until the terms of the

14 Decree and Confidential Agreement have been fulfilled.  The terms of injunctive relief, as

15 set forth in **Attachment A**, are meant to be permanent changes.  In the event that Plaintiff

16 believes that Defendant has not complied with the terms of this Consent,  Plaintiff's counsel

17 will inform Defendant, c/o Archon Group, L.P., Attention: General Counsel, 6011

18 Connection Drive, Irving, Texas 75039   (or such other person as Defendant may instruct

19 Plaintiff's counsel), in writing, by overnight mail with confirmed receipt.  Plaintiff's counsel

20 will give Defendant thirty (30) (in the event that a permit is required to conduct the

21 requested compliance, Defendant's time for compliance shall be extended to thirty (30) days

22 after the permit is expeditiously obtained) days to correct any alleged violations, or

23 negotiate resolution of the alleged violation before Plaintiff may seek Court enforcement of

24 the terms and conditions of this Consent in the event the parties are unable to reach an

25 agreement regarding any alleged violations of the terms of the Consent  and Order.

26

27

28

CONSENT DECREE AND  ORDER FOR SETTLEMENT OF ALL OF PLAINTIFF'S CLAIMS FOR
INJUNCTIVE AND MONETARY RELIEF
Case No.: 1:09-CV-01644-AWI-SMS                                                                      6

SEVERABILITY:

17.     If any term of this Consent is determined by any court to be unenforceable, the other terms of this Consent shall nonetheless remain in full force and effect.

SIGNATORIES BIND PARTIES:

18.     Signatories on behalf of the parties represent that they are authorized to bind the parties to this Consent.  This Consent may be signed in counterparts and a facsimile signature shall have the same force and effect as an original signature.

19.     Entry of this Consent constitutes Final Judgment under Rule 54(a) of the Rule of Civil Procedure (a) and (b).

PARTIES' APPROVAL:

Date: _____, 2011             CONNIE ARNOLD

                                     _____
                                     Plaintiff

Date: _____, 2011       W2005/FARGO HOTELS (POOL C) REALTY, L.P.

                               By:   W2005/Fargo Hotels (Pool C) Gen-Par, L.L.C.
                                     its general partner,

                                     _____
                                     Name:
                                     Title:

APPROVED AS TO FORM:


Date: _____, 2011          JORDON METZ
                                     BARBOSA, METZ & HARRISON, LLP


                                     _____
                                     Attorneys for Plaintiff
                                     CONNIE ARNOLD

Date: _____, 2011          KATHLEEN E. FINNERTY
                                     FINNERTY LAW OFFICES


                                     _____
                                     Attorneys for Defendant W2005/FARGO
                                     HOTELS (POOL C) REALTY, L.P.


                        **ORDER**

Pursuant to Stipulation, and for good cause shown,




IT IS SO ORDERED.

Dated:   March 4, 2011          _____
                                     CHIEF UNITED STATES DISTRICT JUDGE

**CONSENT DECREE AND  ORDER FOR SETTLEMENT OF ALL OF PLAINTIFF'S CLAIMS FOR INJUNCTIVE AND MONETARY RELIEF**
Case No.: 1:09-CV-01644-AWI-SMS                                          8